UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-22918-MOORE
MAGISTRATE JUDGE REID

CHARLTON EDWARD LACHASE,

    Plaintiff,

v.

FORMER WARDEN, et al.

    Defendants.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

This matter is before the Court on a *sua sponte* review of the docket pursuant to Plaintiff's failure to adhere to the Court's (1) Order Vacating Grant of Pauper Status and Directing Plaintiff to File a New Non-Prisoner in Forma Pauperis Affidavit with Supporting Documentation ("Order for Non-Prisoner IFP") [ECF No. 28]; and (2) Order to Amend Complaint. [ECF No. 27]. This cause has been referred to the Undersigned for Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Charlton Edward Lachase**, while confined at the Federal Detention Center Miami ("FDC Miami"), filed a civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2020. [ECF No. 1]. Plaintiff is no longer confined at FDC Miami. [ECF No. 22].

At the time of filing, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), which was granted. [ECF No. 20]. However, because Plaintiff was released from FDC Miami, the Undersigned entered an Order for Non-Prisoner IFP, vacating the Order Granting IFP, and requiring that Plaintiff "either pay the full filing fee of $400.00, or . . . file a non-prisoner

application to proceed without prepayment fees . . ." on or before **November 30, 2020**. [ECF No. 28 at 4] (emphasis in original). Plaintiff was cautioned that "[f]ailure to either pay the Clerk's filing fee or timely complete and file the required IFP application may result in a report recommending dismissal of this case." [*Id*.].

Furthermore, the Court entered an Order to Amend Complaint, and the Undersigned Ordered Plaintiff to file an amended complaint by **November 30, 2020**. [ECF No. 27 at 7]. (emphasis in original). Plaintiff was "cautioned that failure to file the amended complaint on time will probably result in dismissal of this case." [*Id*.].

As of the date of this Report, no amended complaint or non-prisoner IFP has been filed and no filing fee has been paid, nor has Plaintiff taken any other action in this case. Thus, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with the Court's order.

## II. Discussion

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id*. (citing Fed. R. Civ. P. 41(b)).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); s*ee also Martins v. Royal Caribbean Cruises, Ltd*., No. 15-21124-CIV-GOODMAN, 2019 WL 246604, at *1 (S.D. Fla. Jan. 16, 2019) (collecting cases).

Plaintiff was given at least thirty days to (1) either pay the filing fee or file a non-prisoner IFP; and (2) file an amended complaint. Plaintiff has failed to do so.

### III. Recommendations

Based on the foregoing, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with the Court's Order.

Objections to this Report may be filed with the Chief District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the Chief District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 16th day of December, 2020.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Charlton Edward LaChase**
7006 Citrus Park Blvd
Fort Pierce, FL 34951
PRO SE